IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA DIVISION

| | |
|---|---|
| Anthony S. Bruttaniti<br>**Debtor(s)**<br><br>&<br><br>Internal Revenue Service<br>**Creditor**<br><br><br>William C. Miller, Esq.<br>**Trustee** | CHAPTER 13<br><br>Case No.: 19-17707 (MDC) |

## STIPULATION OF SETTLEMENT REGARDING
## UNITED STATES' OBJECTION TO PLAN AND PROOF OF CLAIM NUMBER 2

This matter having been brought before the Court in an effort to achieve Confirmation of the Debtor's Chapter 13 Plan (the "Plan"), and having been filed by Brad J. Sadek, Esquire, Attorney for Anthony S. Bruttaniti ("Debtor"), and the United States of America on behalf of its agency, the Internal Revenue Service ("IRS"), represented by Assistant United States Attorney Matthew E. K. Howatt, and the parties having resolved their issues regarding Proof of Claim Number 2 filed by the IRS and the United States' Objection to Confirmation of Debtor's Plan [Dkt. No. 33] (the "Objection to Plan"), and as hereinafter set forth and by the agreement of all Counsel the parties hereby stipulate;

**IT IS STIPULATED:**

1. The Debtor shall within 30 days of the filing of this signed stipulation, but no later than the confirmation hearing for Debtor's Plan, file his late 2017 Federal Tax return.

2. Debtor shall pay estimated quarterly federal tax installments pursuant to 26 U.S.C. § 6654 and timely file his annual federal tax return along with any required tax payments. Unless a written modification of this provision or an extension to file federal taxes is granted by the IRS, failure to abide by this provision constitutes a default under this agreement.

3. The United States agrees to allow the Secured portion of Proof of Claim Number 2, to be reduced by $45,000.00, leaving a total of $44,857.25 plus interest to be paid through the Plan.

4. Said $45,000.00 is not forgiven and is exempt from discharge, and the IRS shall retain its lien after discharge regarding the $45,000.00 secured portion of its Claim, plus 5% interest compounded daily from October 8, 2020, that the IRS is permitting to be addressed outside of the Plan, post-discharge by the Debtor.

5. Beginning the month following the entry of the discharge order in this case, Debtor shall repay the $45,000.00, plus 5% interest compounded daily from November 5, 2020, as follows: (1) $3,194.30 to the IRS on the 15th day of each month for 17 months; and (2) $3,185.74 on the 15th day of the 18th month. Unless a written modification of this provision is granted by the IRS, failure to timely make a complete monthly payment constitutes a default under this agreement.

6. If, at any time, the Debtor defaults on the terms set out in this stipulation, upon written notice and failure to cure within 15 days of receipt of that notice, the balance of the $45,000.00, plus 5% interest compounded daily from November 5, 2020, becomes immediately due. If the case is still pending, the automatic stay in 11 U.S.C. § 362 is lifted and the IRS can begin ordinary course collection efforts, including setoff under 11 U.S.C. § 553, without further proceedings. Upon an uncured default, the United States may move for dismissal of the bankruptcy case and the Debtor waives any right to a hearing.

7. If, at any time, the Debtor's bankruptcy case is dismissed because the Plan is not confirmed or Debtor does not receive a discharge (e.g., the case is dismissed because Debtor fails to make Plan payments), then this stipulation is void and the and the IRS can begin ordinary course collection efforts on any remaining amounts due under the Plan or this stipulation.

8. This agreement may be executed in counterparts and an electronic signature shall be considered an original signature.

9. In the event of any conflict between this stipulation and the Plan, confirmation order, or discharge order in this case, this stipulation governs.

10. The United States withdraws its Objection to Plan.

The parties hereby agree to be bound by the form and entry of this stipulation:

Brad J. Sadek, Esquire
Attorney for the Debtor

Matthew E. K. Howatt, Esquire
Assistant United States Attorney

SO ORDERED BY THE COURT:

Dated: _____, 2020

HONORABLE MAGDELINE D. COLEMAN
UNITED STATES BANKRUPTCY JUDGE