IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>ANTHONY S. BRUTTANITI,<br><br>Debtor,<br><br>SPECIALIZED LOAN SERVICING, LLC, AS SERVICING AGENT FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., HOME EQUITY ASSET TRUST 2006-3, HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2006-3, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,<br><br>Movant,<br><br>ANTHONY S. BRUTTANITI and WILLIAM C. MILLER, Trustee,<br><br>Respondents. | Bankruptcy No. 19-17707-mdc<br><br>Chapter 13<br><br>Related to Doc. No. 18, 21 |

## ORDER OF COURT

AND NOW, this 31st day of _____ July _____, 2020, upon consideration of the foregoing Stipulation Resolving Motion for Relief from the Automatic Stay, it is hereby ORDERED that the Stipulation is approved.

BY THE COURT

_Magdeline D. Coleman_
Magdeline D. Coleman
Chief U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re:<br><br>ANTHONY S. BRUTTANITI,<br><br>Debtor,<br><br>SPECIALIZED LOAN SERVICING, LLC, AS SERVICING AGENT FOR CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP., HOME EQUITY ASSET TRUST 2006-3, HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2006-3, U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE,<br><br>Movant,<br><br>ANTHONY S. BRUTTANITI and WILLIAM C. MILLER, Trustee,<br><br>Respondents. | Bankruptcy No. 19-17707-mdc<br><br>Chapter 13<br><br>Related to Doc. No. 18, 21 |

## STIPULATION RESOLVING MOTION FOR RELIEF FROM THE AUTOMATIC STAY

AND NOW, comes Movant, Specialized Loan Servicing, LLC, as Servicing Agent for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-3, Home Equity Pass-Through Certificates, Series 2006-3, U.S. Bank National Association, as Trustee ("Movant"), by and through its undersigned counsel, Bernstein-Burkley, P.C., and, Debtor, Anthony S. Bruttaniti, by and through his undersigned counsel, Brad J. Sadek, Esquire, and together file this Stipulation Resolving Motion for Relief from the Automatic Stay (the "Stipulation"), stating as follows:

1. The automatic stay as provided by Section 362 of the Bankruptcy Code shall remain in full force and effect conditioned upon the terms and conditions set forth herein.

2. Movant holds a Mortgage on the real property located at 1432 S. Broad Street, Philadelphia, PA, 19146 (the "Property").

3. As of the date of this Stipulation, the Debtor is in default of his post-petition payment obligations to Movant in the amount of $8,420.16.

4. Debtor will cure the remaining post-petition arrears by making monthly payments to Movant in the amount of $8,420.16 through an Amended Chapter 13 Plan to be filed by Debtor. In order to resolving the pending the Motion, the parties agree as follows:

   a. Debtor shall have an Amended Chapter 13 Plan to provide for the $8,420.16 in post-petition arrears.

   b. The terms of this Stipulation shall be incorporated into the Debtor's confirmed Amended Chapter 13 plan and any subsequent plan filed thereafter.

   c. Specialized Loan Servicing, LLC, as Servicing Agent for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-3, Home Equity Pass-Through Certificates, Series 2006-3, U.S. Bank National Association, as Trustee shall be paid inside the Debtor's Chapter 13 Plan.

   d. Any conversion or dismissal of this case shall void the terms of the stipulated order.

5. Debtor shall direct the payments to:

   Specialized Loan Servicing, LLC
   P.O. Box 636007
   Littleton, CO 80163

Debtor will be in default under the Stipulation in the event that Debtor fails to comply with the payment terms and conditions in Paragraph 4, *supra*. If Debtor defaults under this Stipulation, Movant may send Debtor and Debtor's counsel a Notice of Default. Debtor will have ten (10) days from the date of the Notice of Default to cure the default. If default is not cured after the ten days, a Certification of Default will be immediately filed with the Court by the Movant.

6. In the event the instant bankruptcy case is converted to a case under Chapter 7 of the Bankruptcy Code, the Debtor shall cure the pre-petition and post-petition arrears within ten (10) days from the date of such conversion. Should Debtor fail to cure said arrears within the ten day period, such failure shall be deemed a default under the terms of this Stipulation Movant may serve a notice of default

and intent to file Certification of Default but Debtor will not be granted an opportunity to cure the default. Instead, a Certification of Default will be immediately filed with the Court.

7. This Stipulation may only be modified by a revised Stipulation filed on the docket in the Bankruptcy. No oral modifications are permitted and any allegation that the Stipulation was modified orally will be disregarded as evidence. No written modifications are permitted, except for a revised Stipulation filed on the docket in the Bankruptcy.

Agreed to by:

By: /s/ *Keri P. Ebeck*
Keri P. Ebeck, Esq.
PA I.D. # 91298
kebeck@bernsteinlaw.com
707 Grant Street, Suite 2200
Pittsburgh, PA 15219
412-456-8112
Fax: (412) 456-8120

*Counsel for* Specialized Loan Servicing, LLC, as Servicing Agent for Credit Suisse First Boston Mortgage Securities Corp., Home Equity Asset Trust 2006-3, Home Equity Pass-Through Certificates, Series 2006-3, U.S. Bank National Association, as Trustee

By: /s/
Brad J. Sadek, Esq.
PA I.D.# 90488
brad@sadeklaw.com
1315 Walnut Street, Suite 502
Philadelphia, PA 19107
215-545-0008
Fax: 215-545-0611

*Counsel for Anthony S. Bruttaniti*

No Objection  / Without Prejudice to Any
Trustee Rights or Remedies

LeeAne O. Huggins    7/23/2020
William C. Miller, Office of the Chapter 13 Standing Trustee

Dated: July 14, 2020